Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>Vs.<br><br>JOSÉ ALBERTO NEGRÓN QUIÑONES<br><br>Peticionario | KLCE202500472 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Sobre:<br>Art. 7.02 Ley 22<br><br>Caso Núm.:<br>I1TR202400140 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 23 de junio de 2025.

Comparece ante nos, el Sr. José Alberto Negrón Quiñones ("Negrón Quiñones" o "peticionario"), mediante el presente recurso de *Certiorari* para que revisemos la *Resolución* emitida y notificada el 8 de abril de 2025, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI"). Allí, fue declarada *No Ha Lugar* la solicitud de desestimación presentada por el peticionario.

Evaluada la totalidad del expediente, **denegamos** el auto de *certiorari* solicitado.

**-I-**

El **29 de marzo de 2024** el señor Negrón Quiñones fue arrestado por alegadamente conducir un vehículo de motor bajo los efectos de bebidas embriagantes. Luego de realizarle la prueba de aliento fue liberado ese mismo día.

El Ministerio Público ("MP") presentó una *Denuncia* el **13 de junio de 2024** contra el señor Negrón Quiñones por infringir el Art.

Número Identificador
RES2025_____

7.02 de la Ley Núm. 22–2000.[1] La referida denuncia reza de la siguiente manera:

> *EL REFERIDO IMPUTADO, JOSÉ A. NEGRÓN QUIÑONES, PARA EL DÍA 29 DE MARZO DE 2024, A ESO DE LAS 9:30 P.M. Y EN MAYAGÜEZ, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA DE PUERTO RICO, SALA DE MAYAGÜEZ, ILEGAL, VOLUNTARIA, MALICIOSA, A SABIENDAS Y CRIMINALMENTE VIOLÓ LO DISPUESTO EN EL ARTÍCULO 7.02 DE LA LEY 22 DE 7 DE ENERO DE 2000, ENMENDADA Y VIGENTE, CONSISTENTE EN QUE MIENTRAS CONDUCÍA EL VEHÍCULO DE MOTOR MARCA NISSAN ROGUE, COLOR NEGRO, AÑO 2010, TABLILLA HRT-841, POR LA CALLE DR. RAMÓN EMETERIO BETANCES INT. CON LA CALLE LUIS MUÑOZ RIVERA DE MAYAGÜEZ, LA CUAL ES UNA VÍA PÚBLICA DE PUERTO RICO, HACIENDO ESTO BAJO LOS EFECTOS DE BEBIDAS EMBRIAGANTES. LUEGO DE HECHAS LAS ADVERTENCIAS DE LEY, ESTE LIBRE Y VOLUNTARIAMENTE ACCEDIÓ A SOMETERSE AL ANÁLISIS DE ALIENTO SIENDO LLEVADO A LA DIVISIÓN DE PATRULLAS Y CARRETERAS DE MAYAGÜEZ, DONDE EL POLICÍA CARLOS RAMOS CANCEL PLACA 5006 LE EFECTUÓ LA MISMA, ARROJANDO UNA CONCENTRACIÓN DE 0.134% DE ALCOHOL EN SU ORGANISMO.*
> *VIOLANDO DE ESTA FORMA UNA LEY QUE LO PROHÍBE.[2]*

El mismo **13 de junio de 2024**, el TPI celebró la Vista al amparo de la Regla 6 de Procedimiento Criminal,[3] y determinó causa probable para arresto por el delito imputado.[4]

Así las cosas, el **6 de diciembre de 2024** el señor Negrón Quiñones una *"MOCIÓN DE DESESTIMACIÓN AL AMPARO DE LA REGLA 64 (N) DE LAS REGLAS DE PROCEDIMIENTO CRIMINAL"*.[5] En síntesis, alegó que al no celebrarse la vista de determinación de causa para arresto dentro del término de 60 días, luego de realizarse el arresto, correspondía la desestimación de la denuncia al amparo de la Regla 64 (n) de las Reglas de Procedimiento Criminal.[6] Añadió que se llevó a cabo un arresto sin orden previa, lo cual requería que la persona fuera llevada ante un magistrado sin demoras innecesarias conforme a la Regla 22 de Procedimiento Criminal.[7]

---

[1] Apéndice I del *Certiorari*, págs. 1 – 2.
[2] Apéndice I del *Certiorari*, págs. 1 – 2.
[3] Regla 6 de las Reglas de Procedimiento Criminal de 1963, 34 LPRA Ap. II, R. 6.
[4] Apéndice I del *Certiorari*, págs. 1 – 2.
[5] Apéndice II del *Certiorari*, págs. 3 – 7.
[6] 34 LPRA Ap. II, R. 64(n).
[7] 34 LPRA Ap. II, R.22.

En cumplimiento de orden,[8] el **16 de diciembre de 2024** el MP sometió su oposición.[9] Arguyó que el señor Negrón Quiñones no estuvo sujeto a responder *("held to answer")* por la comisión del delito hasta el 13 de junio de 2024 cuando se celebró la vista de causa probable. En ese sentido, el arresto efectuado el 29 de marzo de 2024 fue uno de naturaleza incidental a la intervención realizada. Además, señaló que, para atender el asunto de una desestimación, el TPI debía considerar los criterios establecidos en la Regla 64 de Procedimiento Criminal y la jurisprudencia aplicable.

Evaluados los argumentos, el **8 de abril de 2025** el TPI emitió una *Resolución.*[10] En esta, realizó las siguientes determinaciones de hechos:

**DETERMINACIONES DE HECHOS**
**(Según surgen de los autos y/o del expediente judicial y que no se encuentran en controversia y/o que no ha sido convertidos por las partes)**

1. *Los alegados hechos que dan lugar a la instancia y procesamiento de la denuncia que pesa en contra del Sr. José Alberto Negrón Quiñones en la causa de epígrafe datan del viernes, 29 de marzo de 2024, a eso de las 9:30 pm.*

2. *En esa fecha, el Policía Municipal, Agte. Carlos Alberto Ramos Cancel, intervino con el Sr. Negrón Quiñones y lo detuvo por alegadamente conducir un vehículo de motor bajo los efectos de bebidas embriagantes.*

3. *El Agte. Ramos Cancel, puso bajo arrestó al Sr. Negrón Quiñones y lo condujo a la. División de Tránsito de Mayagüez para realizarle una prueba de aliento.*

4. *La Vista de Determinación de Causa para Arresto o Citación al amparo del Regla 6 de Procedimiento Criminal, donde se determinó causa por los alegados hechos previamente aludidos contra el Sr. José A. Negrón Quiñones, se celebró el jueves, 13 de junio de 2024, ante el Hon Juez Luis F. Padilla Galiano. Este, luego de escuchar la prueba presentada, hizo una determinación de causa por el delito imputado. O sea, por una alegada violación al Artículo 7.02 de la Ley de Vehículos y Tránsito de Puerto Rico, dejando el caso citado para la celebración de Juicio.*

5. *Con arreglo a lo anterior, dicha determinación de causa se realizó habiendo transcurrido unos setenta y seis (76) días en total, luego de efectuada la intervención y detención inicial del Sr. Negrón Quiñones por parte del Agte. Ramos Cancel.*

---

[8] Apéndice III del *Certiorari*, pág. 8.
[9] Apéndice IV del *Certiorari*, págs. 9 – 14.
[10] Notificada el mismo día. Apéndice V del *Certiorari*, págs. 15 – 21.

*6. En los escritos presentados por las partes, nada se aduce con respecto a las razones que dieran lugar a la alegada tardanza injustificada y/o que haya, o no mediado justa causa para la tardanza y/o, más bien, para el transcurso de esos setenta y seis (76) días y/o a la ocurrencia y/o sufrimiento de un perjuicio real por parte del acusado.*[11]

Así, concluyó que **previo** a la determinación de causa para arresto no existe un derecho a juicio rápido, dado que el señor Negrón Quiñones no estuvo sujeto a responder *("held to answer")*. Resolvió que no se vulneró o laceró el derecho a juicio rápido, ya que dicho derecho no se activó hasta el 13 de junio de 2024 cuando se presentó la denuncia y se determinó causa probable para arresto contra el peticionario. Añadió, que este ni siquiera intentó establecer que la alegada dilación injustificada le ocasionó un perjuicio. Por lo que declaró *No Ha Lugar* la solicitud de desestimación.

El **2 de mayo de 2025**, el señor Negrón Quiñones recurrió ante este Tribunal de Apelaciones mediante el recurso de *certiorari* y señaló la comisión de los siguientes errores:

1. *Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la moción de desestimación presentada al amparo de la Regla 64 (n)(2) de Procedimiento Criminal, al concluir erróneamente que el Peticionario no estaba llamado a responder por la comisión de delito alguno, a pesar de haber sido arrestado conforme a la Regla 11 de Procedimiento Criminal.* [sic].
2. *Erró el Honorable Tribunal de Primera Instancia al abusar de su discreción al denegar la moción de desestimación, sin considerar que el Peticionario fue arrestado sin orden previa por lo que se requería ser llevado ante un magistrado sin demoras innecesarias para validar el arresto.* [sic].
3. *Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la moción de desestimación presentada bajo la Regla 64 (n)(2), al imponer indebidamente al Peticionario la carga de probar el perjuicio sufrido por la dilación injustificada, sin que el Ministerio Público alegara justa causa.* [sic].

Por su parte, el **19 de mayo de 2025** la Oficina del Procurador General en representación del Pueblo de Puerto Rico compareció mediante: *"ESCRITO EN CUMPLIMIENTO DE ORDEN"*.

---

[11] Apéndice V del *Certiorari*, pág. 16.

Con el beneficio de la comparecencia de ambas partes, dimos por sometido el asunto para la atención del Panel.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que, a su vez permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[12] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[13]

Así, bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari:*

> (A) *Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
> (B) *Si la situación de hechos planteada es la más indicada para el análisis del problema.*
> (C) *Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
> (D) *Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
> (E) *Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
> (F) *Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
> (G) *Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*[14]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> *[d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.*[15]

---

[12] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).
[13] *García v. Asociación,* 165 DPR 311, 321 (2005).
[14] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40.
[15] *Zorniak Air Services v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

De manera, que si la actuación del foro recurrido no está desprovista de base razonable ni perjudica los derechos sustanciales de las partes, deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[16]

**-III-**

En esencia, el señor Negrón Quiñones plantea que el TPI erró al declarar *No Ha Lugar* la moción de desestimación al amparo de la citada Regla 64 (n)(2) de Procedimiento Criminal. No obstante, luego de evaluar la totalidad del expediente, la determinación recurrida y el derecho aplicable, concluimos que la referida decisión constituye un claro ejercicio de discreción conferido a los tribunales de instancia. De igual modo, el peticionario no ha señalado prueba en el expediente tendente a demostrar que el juzgador abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto.

Por ende, somos del criterio que el TPI no abusó de su discreción ni fue irrazonable en forma alguna. Por lo tanto, en el ejercicio de la discreción que nos permite la citada Regla 40 del Reglamento del Tribunal Apelaciones, no intervendremos con la *Resolución* recurrida.

**-IV-**

Por lo antes expuesto, **denegamos** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones. El Juez Marrero Guerrero está conforme con el resultado y consigna las siguientes expresiones:

Estoy de acuerdo con el resultado alcanzado por considerarlo correcto conforme al derecho vigente. En *Pueblo v. Custodio Colón,*192 DPR 567 (2015), el Tribunal Supremo, afirmando la norma previamente establecida de que, por la naturaleza variable y

---

[16] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).

flexible del derecho a juicio rápido, la determinación de qué constituye justa causa bajo la Regla 64(n) de Procedimiento Criminal, supra, es algo que debe realizarse caso a caso y a la luz de la totalidad de las circunstancias, reiteró:

> [l]a mera inobservancia del término —sin más— no necesariamente constituye una violación al derecho a juicio rápido, ni conlleva la desestimación de la denuncia o la acusación. Una dilación mínima es requisito de umbral para que un planteamiento de violación a juicio rápido progrese; no obstante, el remedio extremo de la desestimación sólo debe concederse luego de efectuado un análisis ponderado del balance de criterios antes esbozados. ... Más bien, al momento de evaluar este criterio, debe prestarse especial énfasis en determinar si la demora fue intencional y opresiva... Por último, el perjuicio que alegue el acusado como producto de una violación a su derecho a juicio rápido no puede ser algo abstracto ni estar apoyado únicamente en un simple cálculo matemático. El perjuicio reclamado tiene que ser real y sustancial. Además, ...corresponde al acusado establecer el perjuicio sufrido con la dilación, obligación que no se descarga con generalidades. Esto es distinto a las razones o justa causa para la dilación, donde es el ministerio fiscal o el gobierno quien tiene que persuadir al Tribunal, al menos cuando la dilación o suspensión es atribuible a conducta del gobierno.

Siguiendo la normativa establecida por el Tribunal Supremo, nos encontramos con que la desestimación de los cargos sólo puede darse luego de un análisis ponderado de los criterios que dicho Tribunal ha adoptado, incluyendo que no exista justa causa para la dilación y que el acusado haya demostrado el perjuicio sufrido por causa de esta. En el caso ante nuestra consideración, no se puso al Tribunal en condición de considerar la existencia de algún perjuicio por la dilación.  A esto añadimos que consideramos que su breve detención —el día imputado en la denuncia— cumplió con otros propósitos, además de la determinación del porcentaje de alcohol en su organismo, tales como la protección de la vida propia del señor Negrón Quiñones, así como la del resto de la ciudadanía.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones